**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:18-MJ-9195 |
| Plaintiff, | : | |
| | : | MAGISTRATE WILLIAM H. |
| vs. | : | BAUGHMAN JR. |
| | : | |
| ALONSO BELTRAN-CAMPOS, | : | **DEFENDANT'S MEMORANDUM IN SUPPORT OF BOND** |
| Defendant. | : | |
| | : | |

Mr. Beltran-Campos's case is scheduled for a preliminary hearing and detention hearing tomorrow, October 11, 2018 at 3:00 p.m. The government has moved for detention, and Mr. Beltran-Campos requests that the Court release him on bond. In advance of the hearing, Mr. Beltran-Campos files the instant memorandum in support of a bond. Mr. Beltran-Campos is charged by complaint with illegal reentry, in violation of 8 U.S.C. § 1326. The defense anticipates the government will argue that Mr. Beltran-Campos has a detainer by Immigration and Customs Enforcement ("ICE"), and this fact alone prevents him from receiving a bond from this Court. Such an argument, however, is incorrect, and this Court should grant a bond.

There is no presumption that the Court detain him, and he is not a flight risk or danger to the community. Although he has an ICE detainer, the Bail Reform Act governs his release during criminal proceedings, not the Immigration & Nationality Act. As there is no presumption that the Court detain Mr. Beltran-Campos, "[t]he default position of the law . . . is that a defendant should be released pending trial." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). It should also be noted that while Mr. Beltran-Campos has not yet even been indicted, and he remains presumed

innocent, assuming he does plead guilty to the charge in the complaint, his advisory guidelines range will almost assuredly be zero to months, and fall in Zone A, which does not recommend a prison term. See U.S.S.G. § 5C1.1(b) ("If the applicable guideline range is in Zone A of the Sentencing Table, a sentence of imprisonment is not required[.]"). Thus, the default position is that the Court release Mr. Beltran-Campos pending indictment. See 18 U.S.C. § 3142(b).

Additionally, applying the usual standards for release under the Bail Reform Act, Mr. Beltran-Campos is not a flight risk or a danger to the community. As will be further detailed at the detention hearing, Mr. Beltran-Campos has no prior criminal convictions, except for a single offense for driving without a license in 2013. He and his wife have been married for a year and a half, and Mr. Beltran-Campos raises and cares for his wife's daughter as if she were his own. Mr. Beltran-Campos also owns a construction business, and which has a registered LLC with the State of Ohio. These facts should all be considered in determining whether Mr. Beltran-Campos is a risk of flight or a danger to the community.

The Bail Reform Act ("BRA") governs these proceedings, not the Immigration & Nationality Act. "[T]he Government has to make a choice when it is dealing with a removable alien criminal defendant. It can forego prosecution, and detain and then remove the person through normal immigration proceedings, or it can prosecute the person." *United States v. Galitsa*, No. 17-CR-324, 2017 U.S. Dist. LEXIS 185550, *13 (S.D.N.Y. Jul. 28, 2017), attached at Exhibit A. "If the Government chooses to prosecute, then it must proceed in accordance with all rules that govern criminal prosecutions. First and foremost among those rules is the Bail Reform Act." *Id.* at *13-14. The government chose to prosecute Mr. Beltran-Campos, and the Bail Reform Act therefore governs his release. "Because the government has chosen to pursue criminal charges against this defendant before this Court, this Court's authority to set him free under the BRA supplants the

government's ability to detain him under the INA." *United States v. Vasquez-Benitez*, No. 18-275, 2018 U.S. Dist. LEXIS 165405 (D.D.C. Sep. 26, 2018), attached at Exhibit B; see also *United States v. Trujillo-Alvarez*, 900 F. Supp. 2d 1167, 1179 (D. Or. 2012) ("What neither ICE nor any other part of the Executive Branch may do, however, is hold someone in detention for the purpose of securing his appearance at a criminal trial without satisfying the requirements of the [Bail Reform Act]."); *Galitsa*, 2017 U.S. Dist. LEXIS 185550 at *13 ("[T]he Government must decide whether to continue the criminal case – and comply with the magistrate judge's release determination – or to proceed under the INA, dismiss this case, and remove [the defendant] from the country. What the Government cannot do is have it both ways.").

Another Magistrate within the Northern District of Ohio has held the Bail Reform Act is not to be subverted simply by the existence of an immigration detainer. In *United States v. Valadez-Lara*, 2015 WL 1456530, Case No. 3:14-CR-204 (N.D.Ohio, March 30, 2015), attached as Exhibit C, the Honorable James R. Knepp found "an ICE detainer does not preclude or preempt the application of the Bail Reform Act." *Valadez-Lara*, 2015 WL 1456530 at *5 (citing 18 U.S.C. § 3142(f)(2)). The government proposed the existence of an ICE detainer created a presumptive risk of non-appearance and therefore created an exception the Bail Reform Act. The Magistrate rejected that argument. *Id.* (citing *United States v. Barrera-Omana*, 638 F.Supp.2d 1108, 1111 (D.Minn. 2009) (holding allowing an ICE detainer exception negates the clear statutory language which requires an individualized assessment of individuals before the court); *United States v. Montoya-Vasquez*, 2009 WL 103596 (D.Neb.) ("... it would effectively mean that no aliens against whom ICE places detainers could ever be released on conditions. Such a harsh result is nowhere expressed or even implied in the BRA.")). The Court held:

> in order to comply with both statutes the Executive Branch must choose which will take precedence in regard to a defendant. It cannot use the threat of removal under

the INA 'to disregard the congressionally-mandated provisions of the BRA', *Trujillo*, 900 F.Supp.2d at 1178; but at the same time have no intent to effectuate removal, but rather only retain custody of the individual pending prosecution. The Executive Branch must determine what is more important, 'the public's interest in criminally prosecuting [the] defendant' or 'the public's interest in swiftly deporting him.' *United States v. Marinez–Patino*, 2011 WL 902466 at *7 (N.D.Ill.).

*Id.* at *5. Therefore, the mere fact that an ICE detainer exists against Mr. Beltran-Campos does not, by itself, create an exception to the Bail Reform Act and automatically require detention.

Thus, the Court should release Mr. Beltran-Campos on bond. He is not a flight risk or a danger to the community, and because his advisory guidelines range falls in Zone A, there is a presumption that the Court release him pending indictment. Under the Bail Reform Act, the Court should order him released.

Respectfully submitted,

STEPHEN C. NEWMAN
Federal Public Defender
Ohio Bar: 0051928

/s/ Jeffrey B. Lazarus
JEFFREY B. LAZARUS
Assistant Federal Public Defender
Ohio Bar: 0079525
1660 W. 2nd Street, Suite 750
Cleveland, Ohio 44113
Telephone: (216) 522-4856
Facsimile: (216) 522-4321
jeffrey_lazarus@fd.org

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 10, 2018, a copy of the foregoing Motion was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

*/s/ Jeffrey B. Lazarus*
JEFFREY B. LAZARUS (Reg. No.0079525)
Assistant Federal Public Defender